Serge LaPOINTE, an individual,
Plaintiff–Appellant,

v.

COUNTY OF LOS ANGELES; Deputy
Michael Merchain, an individual;
Deputy Son Bui, an individual, Defendants–Appellees.

No. 11–56992.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2013.

Filed July 5, 2013.

Dale Kristopher Galipo, Esquire, Melanie Tara Partow, Law Offices of Dale K.
Galipo, Woodland Hills, CA, for Plaintiff–
Appellant.

Matthew Allen, Dennis M. Gonzales, Nathan A. Oyster, Esquire, Raymond W. Sakai, Esquire, Lawrence Beach Allen &
Choi, PC, Glendale, CA, for Defendants–
Appellees.

Before: PREGERSON and FISHER,
Circuit Judges, and DANIEL, District
Judge.*

MEMORANDUM **

Serge LaPointe appeals the district
court's dismissal of defendants Son Bui
and Michael Merchain on the basis of Fed

* The Honorable Wiley Y. Daniel, Senior United
  States District Judge for the District of Colorado, sitting by designation.

eral Rule of Civil Procedure 4(m), and the
district court's grant of summary judgment for the County of Los Angeles on his
*Monell* claim. We affirm in part, reverse
in part and remand.

1. The district court abused its discretion in dismissing Bui and Merchain as
defendants. Whether measured by Rule
4(m) or Rule 16, LaPointe established good
cause for amending his complaint and
serving Bui and Merchain in September
2011. *See* Fed.R.Civ.P. 4(m) ("[I]f the
plaintiff shows good cause for the failure
[to service a defendant within 120 days
after the complaint is filed], the court must
extend the time for service for an appropriate period."); *Coleman v. Quaker Oats
Co.*, 232 F.3d 1271, 1294 (9th Cir.2000)
(noting that a plaintiff must show "good
cause" to amend a complaint after the
deadline set forth in a scheduling order
has expired). During discovery, LaPointe
vigorously sought the identities of the officers with whom he came into contact, and
he exercised diligence in seeking amendment and serving those defendants once
the County provided sufficient information
for him to identify Bui and Merchain as
the officers that allegedly used force
against him.

2. The district court properly granted
summary judgment to the County because,
on this record, LaPointe did not adduce
sufficient evidence to defeat summary
judgment on his *Monell* claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98
S.Ct. 2018, 56 L.Ed.2d 611 (1978).

To the extent LaPointe alleges a policy
or practice of deputies' use of excessive
force, his claim fails for lack of proof.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Whatever policies or practices might in fact exist, LaPointe has not adduced evidence to create a triable issue of fact. Nor has he raised a triable issue that the County has adopted a use of force reporting policy that is deliberately indifferent to inmates' constitutional rights, although such a claim might have merit on a different record.

To the extent LaPointe argues that the County should be held liable because it ratified the alleged conduct of Bui and Merchain, his claim also fails for lack of proof. Whatever the true facts may be, LaPointe has failed to identify any official with final policymaking authority who affirmatively approved of Bui and Merchain's actions and thus cannot avoid summary judgment. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir.2010).

Accordingly, we reverse the district court's dismissal of defendants Bui and Merchain but affirm the district court's grant of summary judgment to the County. Costs on appeal are awarded to LaPointe.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.